In the Matter of CATHERINE KEANE, Respondent, v. HOWARD R. LEARY et al., Constituting the Board of Trustees of the Police Pension Fund, Article 2, Appellants. In the Matter of MARIE WEIN, Respondent, v. HOWARD R. LEARY et al., Constituting the Board of Trustees of the Police Pension Fund, Article 2, Appellants. In the Matter of MARGARET MELLEY, Respondent, v. HOWARD R. LEARY et al., Constituting the Board of Trustees of the Police Pension Fund, Article 2, Appellants.— These appeals are consolidated and the orders entered below, respectively, on March 25, 1969 and March 26, 1969 granting petitioners' motions to the extent of remitting the proceedings to the Board of Trustees of the Police Pension Fund for reconsideration of petitioners' applications for benefits, unanimously reversed on the law, without costs and without disbursements, and the petitions are dismissed. Under subdivision 2 of section 207-g of the General Municipal Law or under subdivision d of section B18–15.0 of the Administrative Code the remand was on the basis of the board's alleged " authority and discretion " pursuant to section B18–15.0 of the code to consider unused vacation time and/or accrued terminal leave in determining eligibility for death gamble benefits and to reduce the statutory period of service required by a deceased member for death gamble benefits in any particular year when fixing the amount of service. The governing statutes, by express provision, limit the rights to death gamble benefits to members who have " completed the minimum period of service ". The provisions in question are clear and unambiguous. At the time of each of the petitioner's decedent's death, the decedent had not completed a minimum period of service, in each case 20 years. Under subdivision 2 of section 207-g of the General Municipal Law or subdivision d of section B18–38.0 of the Administrative Code, petitioners' reliance on section B18–15.0 of the Administrative Code is misplaced. The section makes clear in its opening sentence that it is subject to " all other provisions of this article ". The article in question is article 29 of the Administrative Code, embracing therefore, subdivision d of section B18–38.0. That section expressly provides that the benefit involved shall be paid upon the death of a member who has " completed the minimum period of service, as elected by him for retirement ". The grant of authority and discretion in the board is contained in subdivision b of section B18–15.0. This grant is limited and circumscribed. It speaks only of " service " rendered, which would exclude therefore, service not rendered and *a fortiori* service which could not possibly have been rendered, as, for example, in the period following the member's death. In the light of the said statutes, we are constrained to dismiss the petitions. Concur — Stevens, P. J., McGivern, McNally and Tilzer, JJ.